IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA C. CORTEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW CENTURY MORTGAGE CORP; SAXON MORTGAGE SERVICES, INC.; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; and PACIFIC MORTGAGE CONSULTANTS,<br><br>    Defendants.<br>_____/ | No. 11-01019 CW<br><br>ORDER GRANTING IN PART DEFENDANT SAXON MORTGAGE'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO SERVE UNSERVED DEFENDANTS |

This case involves the attempted foreclosure of pro se Plaintiff Clarissa Cortez' residence by Defendant Saxon Mortgage Services, Inc. (Saxon). Saxon moves to dismiss all causes of action alleged against it in Plaintiff's complaint.[1] Plaintiff opposes the motion. The matter was taken under submission and decided on the papers. Having considered all the papers filed by

---

[1] Saxon asserts that Defendants New Century Mortgage Corporation and Pacific Mortgage Consultants were not served when the case was in state court. The federal docket does not indicate that these Defendants were served after the case was removed. On March 29, 2011, Defendant Old Republic Default Management Services, erroneously sued as Old Republic National Title Insurance Company (Old Republic), filed a notice of filing of declaration of non-monetary status in state court under California Civil Code section 2924*l*. Under this statute, Plaintiff has fifteen days from the date of service of the declaration to object to the non-monetary judgment status of the trustee. Plaintiff has not filed such an objection. Therefore, Old Republic is bound by any order or judgment issued by the Court regarding the subject deed of trust, but need not participate in the litigation.

the parties, the Court grants Saxon's motion to dismiss, with the exception of Plaintiff's claim under California Civil Code section 2923.5.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and the documents submitted by Saxon, of which the Court takes judicial notice.[2]

In August 2005, Plaintiff refinanced the mortgage on her home located at 2609 Covelite Way, in Antioch, California (the property) with a $560,000 loan from New Century Mortgage Corporation (New Century). The loan that was offered was an interest-only adjustable rate mortgage. Repayment of the loan was secured by a first deed of trust on the property. Old Republic Title Company was the trustee on the deed of trust. On September 2, 2005, the note and deed of trust were assigned to Deutsche Bank Trust Company America, as trustee and custodian for HSBC Bank USA. Saxon is the loan servicer for Deutsche Bank.[3] Sometime in 2007,

---

[2] Although courts generally cannot consider documentary evidence on a motion to dismiss, doing so is appropriate when the pleadings refer to the documents, their authenticity is not in question and there are no disputes over their relevance. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding that courts may properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings").

[3] Plaintiff's complaint alleges that New Century assigned the loan to Saxon. However, as indicated in the documents submitted by Saxon, this is incorrect. Although, on a motion to dismiss, the allegations in the complaint are to be taken as true, this does not apply when the allegations are contradicted by documents of which the Court may take judicial notice. See Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977) (court may not assume truth of allegations if they are contradicted

2

Plaintiff became delinquent on her loan payments. On March 26, 2008, a substitution of trustee was recorded whereby Old Republic Default Management Services became trustee on the deed of trust. Several notices of default and notices of trustee's sale have been recorded against the property, but were stayed when Plaintiff filed for bankruptcy protection. The property was foreclosed on February 26, 2010; a Trustee's Deed Upon Sale was recorded on March 9, 2010. However, the sale was rescinded and, on March 29, 2010, a Notice of Rescission of Trustee's Deed Upon Sale was recorded.[4] The most recent notice of trustee's sale was recorded on March 29, 2010 and the sale of the property was scheduled to take place on August 27, 2010. According to Saxon, the trustee's sale has not yet occurred.

    Plaintiff alleges that the terms of her loan were not clear or conspicuous; Defendants qualified her for a loan that they knew or should have known that she could not pay; Defendants never explained to her the negative amortization aspect of the loan; Defendants engaged in predatory lending in making the loan to her; she has been attempting to contact Defendants to negotiate a modification of her loan, but they have not made a meaningful offer; and she was the victim of fraudulent lender behavior. Based on these allegations, Plaintiff asserts the following causes of action against all Defendants: (1) breach of the implied covenant of good faith and fair dealing; (2) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; (3) violation of the

---

by admissible evidence).

[4] The sale was rescinded because it occurred while Plaintiff was protected by the bankruptcy stay.

3

Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 <u>et seq.</u>,; (4) violation of California Civil Code sections 1916.7b, 1916.7b(2), 1916.7(b)(4)(B),[5] 1916.7(b)(8),[6] 1916.7(c),[7] 1918.5, 1920, 1921,[8] 2079.16, and 1632; (5) violation of California Commercial Code section 9313; (6) rescission; (7) fraud; (8) unfair and deceptive business practices; (9) breach of fiduciary duty; (10) unjust enrichment; (11) unconscionability, (12) predatory lending in violation of California Business and Professions Code section 17200; (13) quiet title; (14) failure to modify loan in violation of California Civil Code sections 2923.5 <u>et seq.</u> and 2923.6; (15) wrongful foreclosure in violation of California Civil Code sections 2923.5 <u>et seq.</u> and 2924; (16) declaratory and injunctive relief; and (17) temporary restraining order and preliminary and permanent injunctions.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In

---

[5] Plaintiff incorrectly labels this as § 1916.7B

[6] Plaintiff incorrectly labels this as § 1916.7a(8).

[7] Plaintiff incorrectly labels this as § 1916.710(C).

[8] Plaintiff incorrectly labels §§ 1918.5, 1920 and 1921 as § 1918.5-1921.1920.

4

1  considering whether the complaint is sufficient to state a claim,
2  the court will take all material allegations as true and construe
3  them in the light most favorable to the plaintiff.  NL Indus., Inc.
4  v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this
5  principle is inapplicable to legal conclusions; "threadbare
6  recitals of the elements of a cause of action, supported by mere
7  conclusory statements," are not taken as true.  Ashcroft v. Iqbal,
8  129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).
9      When granting a motion to dismiss, the court is generally
10 required to grant the plaintiff leave to amend, even if no request
11 to amend the pleading was made, unless amendment would be futile.
12 Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
13 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
14 would be futile, the court examines whether the complaint could be
15 amended to cure the defect requiring dismissal "without
16 contradicting any of the allegations of [the] original complaint."
17 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

                              DISCUSSION

19     Saxon argues that this complaint is barred by the doctrine of
20 res judicata based on a previous case filed by Plaintiff against
21 the same Defendants that was dismissed without prejudice for
22 failure to prosecute.  See Cortez v. New Century Mortgage Corp., et
23 al., C 10-4631 RS, Docket Nos. 25, 28.  The order dismissing case
24 number C 10-4631 RS does not bar this litigation because a
25 dismissal without prejudice for failure to prosecute is not a final
26 judgment on the merits.  See Western Radio Servs. Co., Inc. v.
27 Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (Res judicata

                                   5

operates only where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.").[9]

Saxon argues that Plaintiff's claims against it arising from conduct that occurred during the loan application and negotiation process must be dismissed because it became the loan servicer after the loan closed and was assigned to Deutsche Bank. This argument is well-taken.

Plaintiff's complaint and opposition does not distinguish among the conduct undertaken by the four named Defendants. Saxon's duties, as loan servicer, were to receive any scheduled periodic payments from Plaintiff pursuant to the terms of the loan, and to make the payments of principal and interest and such other payments with respect to the amounts received from Plaintiff as were required pursuant to the terms of the loan. See 12 U.S.C. § 2605 (definition of loan servicer in RESPA). Plaintiff's arguments in her opposition that Saxon is responsible for the acts of the lender, New Century, due to a conspiracy or joint venture between the four Defendants or through an agency relationship are without merit. Therefore, all the claims against Saxon based upon acts that took place during the loan negotiation, origination and closing must be dismissed for failure to state a claim against Saxon. These include the federal claims under TILA (requiring certain disclosures be made in the loan origination process) and RESPA (requiring certain disclosures to loan applicant). Likewise,

---

[9] Saxon incorrectly cites California res judicata law. However, federal law applies here.

6

the fraud, unfair business practices, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, unconscionability, and predatory lending claims, which are based upon conduct undertaken during the loan negotiation, origination and closing processes, must be dismissed against Saxon. Furthermore, the claims premised upon California Civil Code section 1916.7, governing disclosures for adjustable rate mortgages, California Civil Code section 2079.16, governing lender-agent relationships, California Civil Code section 1632, governing the translation of contracts into a foreign language, and other statutes governing disclosures to potential borrowers must be dismissed against Saxon for failure to state a claim.  The claim under California Commercial Code section 9313, which Plaintiff alleges requires Defendants to be in possession of the original promissory note, governs the perfection of security interest in collateral, and is dismissed because it does not apply to real estate transactions.

The Court will address the claims that are based on the conduct of a loan servicer.

I. Failure to Modify Loan: California Civil Code Sections 2923.5, 2923.6

Plaintiff alleges that she:

was in default of her loan payments and has been attempting to achieve a meaningful and sustainable modification of the terms of her loan agreement with Defendants.  Plaintiff provided Defendants with all necessary and requested documents and information in order to achieve a Loan Modification.  Defendants made no attempts in good faith to provide Plaintiff with a meaningful and sustainable Loan Modification and simply strung Plaintiff along. . . .

7

> Defendants . . . have a duty . . . to assess the Plaintiff's financial situation and explore options for the Plaintiff to avoid foreclosure (California Civil Code Section 2923.5).
>
> Defendants . . . have a duty . . . to implement a loan modification or workout plan for Plaintiff, in the best interest of their investors and/or loan pool when the loan is in payment default, or payment default is reasonably foreseeable, and anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis (California Civil Code Section 2923.6).

Complaint at ¶¶ 168-70.

California Civil Code section 2923.5 provides that:

> (a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to section 2924 until 30 days after contact is made as required by paragraph two . . .
>
> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose.
>
> (b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower as required by this section . . .
>
> (c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary or authorized agent shall, as part of the notice of sale . . . include a declaration that either:
>
> (1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.
>
> (2) Lists the efforts made, if any, to contact the

borrower in the event no contact was made.

Although section 2923.5 addresses an authorized agent's duty to contact a defaulting borrower regarding loan modification options, it does not require that the lender or agent actually modify the borrower's loan. Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010). It contemplates contact and some analysis of the borrower's financial situation. Id. Plaintiff does not allege that Saxon did not contact her, but that it failed to provide her with a loan modification proposal that she found to be meaningful and sustainable. Her allegation that she provided Saxon with the documents it requested to achieve a viable loan modification indicates that loan modification discussions took place. Because the facts that she pleads negate a claim that section 2623.5 was violated, it is dismissed. Dismissal is without leave to amend, because amendment would be futile.

Section 2623.6 governs a servicer's duty to parties and investors in a loan pool to maximize the present value under a pooling and servicing agreement. Section 2923.6 does not impose a duty on lenders or servicers to negotiate loan modifications. Lopez v. Equifirst Corp., 2009 WL 3233912, *3 (E.D. Cal.).

Saxon argues that Plaintiff's section 2623.6 claim fails because it provides no private right of action and because Plaintiff is not a loan pool member and, therefore, is owed no duty under this section. Plaintiff responds that section 2923.6 provides that servicers of loan pools owe a duty to all parties in the pool so that a workout is in the best interest of the parties if a loan is in default. This may be so, but is non-responsive to

9

Saxon's arguments that Plaintiff is not in a loan pool and that section 2923.6, like section 2923.5, does not impose a duty on servicers to enter into loan modifications.  See also Mabry v. Sup. Ct., 185 Cal. App. 4th 208, 222-23 (2010) (§ 2923.6 merely expresses the hope that lender will offer loan modifications on certain terms; it imposes no duty on lenders or servicers actually to modify a loan).

Therefore, this claim is dismissed without leave to amend as amendment would be futile.

II.  Wrongful Foreclosure: California Civil Code section 2923.5

Plaintiff alleges that all the Notices of Default and Notices of Trustee's Sale she received, including the latest one she received on August 2, 2010, violated section 2923.5(b) or (c) because they did not have the requisite declaration attached indicating that Saxon contacted her to discuss a loan modification.[10]

The gravamen of section 2923.5 is that a lender or servicer cannot file a notice of default until it has contacted the borrower in person or by telephone.  Mabry, 185 Cal. App. 4th at 221.  A declaration in a notice of default that tracks the language of section 2923.5(b) complies with the statute even if it does not delineate which one of the three categories set forth in the declaration applies to the particular situation.  Id. at 235.  The

---

[10] The operative notice of trustee's sale is the last one Plaintiff received on August 3, 2010.  All others are moot because the sales that were noticed in them were stayed when Plaintiff filed for bankruptcy protection and the March 9, 2010 trustee's sale was rescinded.

remedy for noncompliance is a postponement of the foreclosure sale to permit the lender to comply with section 2923.5(b).

Saxon submits a copy of the notice of trustee's sale dated August 3, 2010. RJN, Ex. 16. Attached to it is a document entitled, "Declaration of Lender, Trustee or Authorized Agent Under California Civil Code Section 2923.5(c)," which states that the borrower was "contacted in order to access the borrower's financial situation and to explore options for the borrower to avoid foreclosure," and lists four dates in February and March, 2009 on which Plaintiff was contacted. These dates are over one year prior to the trustee's sale scheduled to take place in August, 2010. See Milyakov v. JP Morgan Chase Bank, 2011 WL 3879503, *3 (N.D. Cal.) (questioning whether communications that took place over a year before the notice of default was filed satisfies requirements of section 2923.5(b)). Furthermore, the Court must credit as true Plaintiff's allegation that she did not receive the required declaration.

Therefore, Saxon's motion to dismiss this claim is denied.

III. Unjust Enrichment

This cause of action is based on the allegations that

> Defendants acknowledged, accepted, and benefitted from the Plaintiff's agreement to enter into the loan. A forced sale of Plaintiff's home, and an allowance for Defendants to recoup the extreme profits enjoyed by forcing Plaintiff into an imbalance of principal to interest ratio, would be inequitable and unconscionable, while the Defendants enjoy the benefit of the Plaintiff's actions without paying for their own breaches of the law and professional responsibilities. Wherefore, Plaintiff prays for restitution.

Complaint at ¶ 152.

California courts are split as to whether there is an independent cause of action for unjust enrichment. Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007) (applying California law). One view is that unjust enrichment is not a cause of action, or even a remedy, but rather a general principle which underlies various legal doctrines and remedies. McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). In McBride, the court construed a "purported" unjust enrichment claim as a cause of action seeking restitution. Id. There are at least two potential bases for a cause of action seeking restitution: (1) an alternative to breach of contract damages when the parties had a contract which was procured by fraud or is unenforceable for some reason; and (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct and the plaintiff chooses not to sue in tort but to seek restitution on a quasi-contract theory. Id. at 388. In the latter case, the law implies a contract, or quasi-contract, without regard to the parties' intent, to avoid unjust enrichment. Id.

Another view is that a cause of action for unjust enrichment exists and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); First Nationwide Savings v. Perry, 11 Cal. App. 4th 1657, 1662-63 (1992).

Plaintiff fails to allege that Saxon received money as a result of Plaintiff's agreement to enter into the loan or the loan funding. Nor can Plaintiff correct this deficiency by amendment because, as stated above, Saxon was not involved in the loan

negotiations, closing or funding.  Therefore, Saxon's motion to dismiss the claim for unjust enrichment is granted, without leave to amend.

IV. Quiet Title

To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title.  Cal. Civ. Proc. Code § 761.020. In addition, a plaintiff seeking to quiet title in the face of foreclosure must allege tender or an offer of tender of the amount borrowed.  Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578-79 (1984) (claim to set aside trustee's sale must be accompanied by offer to pay full amount of debt for which the property was security).

Saxon correctly argues that the quiet title cause of action is defective because it is entirely dependent on Plaintiff's other causes of action, which are all defective.  Further, Plaintiff's conclusory allegation that all Defendants claim an interest in the property adverse to her cannot stand against Saxon, which is merely the loan servicer.

Saxon also correctly argues that this cause of action fails because Plaintiff has not tendered the amount owing on the loan. Plaintiff's argument that she is not bound by the tender rule is incorrect.  As explained in Arnolds Mgmt., "in the context of a defaulting trustor's attack upon an irregular sale, . . . once the

13

1 trustor fails to effectively exercise his right to redeem, the sale
2 becomes valid and proper.  A cause of action [regarding the]
3 irregular sale fails unless the trustor can allege and establish a
4 valid tender." 158 Cal. App. 3d at 578.

5 Saxon's motion to dismiss the quiet title claim is granted.
6 Dismissal is without leave to amend because amendment would be
7 futile.

8 V. Declaratory Relief

9 The Declaratory Judgment Act (DJA) permits a federal court to
10 "declare the rights and other legal relations" of parties to a case
11 of actual controversy.  28 U.S.C. § 2201; Wickland Oil Terminals v.
12 Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).  The "actual
13 controversy" requirement of the DJA is the same as the "case or
14 controversy" requirement of Article III of the United States
15 Constitution.  American States Ins. Co. v. Kearns, 15 F.3d 142, 143
16 (9th Cir. 1994).  Under the DJA, a two-part test is necessary to
17 determine whether a declaratory judgment is appropriate. Principal
18 Life Insurance Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).
19 First, the court must determine if there exists an actual case or
20 controversy within the court's jurisdiction.  Id.  Second, if so,
21 the court must decide whether to exercise its jurisdiction.  Id.

22 Because all causes of action alleged against Saxon have been
23 adjudicated in its favor, no case or controversy exists between
24 Plaintiff and Saxon.  Therefore, Saxon's motion to dismiss the
25 claim for declaratory relief is granted.  Dismissal is without
26 leave to amend because amendment would be futile.

27 VII. Rescission

28
14

Plaintiff alleges that she is entitled to rescission based upon TILA violations, failure to provide a mortgage loan origination agreement and fraudulent concealment. Because these claims against Saxon have been dismissed without leave to amend, they do not allow Plaintiff the remedy of loan rescission. Further, Plaintiff's claim for rescission under TILA fails because she has not alleged the present ability to tender amounts owed under the loan. Rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (emphasis in original) (citing LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976); see Garza v. Am. Home Mortgage, 2009 WL 188604, *5 (E.D. Cal.) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Martinez v. EMC Mortgage Corp., 2009 WL 2043013, *6 (E.D. Cal.) (noting "absent meaningful tender, TILA rescission is an empty remedy, not capable of being granted"). This claim is dismissed without leave to amend.

VIII. Injunctive Relief

Injunctive relief is a remedy and not an independent cause of action. Parrish v. Indymac Bank, Inc., 2010 WL 2771915, at *5 (E.D. Cal.) (citing Marlin v. AIMCO Venezia, LLC, 154 Cal. App. 4th 154, 162 (2007)). Because Plaintiff has not otherwise stated a claim for relief against Saxon, she is not entitled to injunctive relief in the form of a temporary restraining order or a preliminary or permanent injunction. Nguyen v. Wells Fargo Bank, N.A., 2010 WL 4348127, at *16 (N.D. Cal.). Thus, Plaintiff's

15

request for injunctive relief against Saxon is dismissed without leave to amend because amendment would be futile.

IX. Other Defendants

As mentioned above, the docket shows that Plaintiff has not yet served two named Defendants. In the case of a removed action, a plaintiff must serve the summons and complaint within 120 days of the date of removal to federal court. Camillo v. Washington Mut. Bank, 2010 WL 457346, *1 (E.D. Cal.). This case was removed on March 4, 2011. Therefore, the time to serve these Defendants has passed. However, the Court grants Plaintiff leave to serve Defendants within thirty days from the date of this order. Plaintiff must inform the Court that she has served Defendants by filing a proof of service for each Defendant. If Plaintiff does not serve these Defendants within thirty days, her claims against them will be dismissed for failure to prosecute.

## CONCLUSION

Based on the foregoing, Saxon's motion to dismiss (Docket No. 5) is granted, except for the claim under California Civil Code section 2923.5, which may go forward.

IT IS SO ORDERED.

Dated: 11/3/2011

CLAUDIA WILKEN
United States District Judge

16

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARISSA C. CORTEZ,

    Plaintiff,

v.

NEW CENTURY MORTGAGE CORP et al,

    Defendant.

Case Number: CV11-01019 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarrisa C. Cortez
2609 Covelite Way
Antioch, CA 94531

Dated: November 3, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk

17