IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW CENTURY MORTGAGE CORP.; SAXON MORTGAGE SERVICES, INC.; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; and PACIFIC MORTGAGE COMPANY,<br><br>　　　　Defendants.<br>_____/ | No. C 11-1019  CW<br><br>ORDER DISMISSING CLAIMS AGAINST UNSERVED DEFENDANT AND ALLOWING PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS |

　　On March 4, 2011, this mortgage-related action was removed from state court.  On November 3, 2011, the Court issued an Order Granting in Part Defendant Saxon Mortgage's Motion to Dismiss and Ordering Plaintiff to Serve Unserved Defendants.  In its motion to dismiss, Defendant Saxon Mortgage asserted that Defendants New Century Mortgage Corporation and Pacific Mortgage Consultants were not served when the case was in state court.  The Court noted that the federal docket did not indicate that these Defendants were served after the case was removed and, in a removed action such as this case, a plaintiff must serve the summons and complaint within 120 days of the date of removal to federal court.  The Court noted that the time to serve the unserved Defendants had passed, but it granted Plaintiff leave to serve the unserved Defendants within

thirty days from the date of the order and ordered her to file with the Court a proof of service for each Defendant.  The Court warned Plaintiff that, if she did not serve these Defendants within thirty days, her claims against them would be dismissed for failure to prosecute.

More than thirty days have passed from the entry of the last Order and Plaintiff has not filed a proof of service for either Defendant.  However, on November 21, 2011, Defendant Pacific Mortgage Consultants filed a motion to dismiss.  Because it appears that Pacific Mortgage Consultants may have been served, the Court does not dismiss the claims against it for lack of service.  The Court does dismiss all claims against New Century Mortgage Corporation for failure to serve.

In its motion, Pacific Mortgage Consultants notes that, pursuant to Civil Local Rule 7-3(a), the deadline to file an opposition to a motion is fourteen days after the motion is served and filed.  More than fourteen days have passed since Pacific Mortgage Consultants filed its motion and Plaintiff has not filed an opposition.  In the interests of justice, the Court will grant Plaintiff leave to file an opposition, but she must do so within one week from the date of this order.  If Plaintiff does not file an opposition within one week, the claims against Pacific Mortgage Consultants will be dismissed for failure to prosecute.

CONCLUSION

For the foregoing reasons, the claims against New Century Mortgage are dismissed for failure to serve.  Plaintiff must file an opposition to Pacific Mortgage Consultants' motion to dismiss within seven days from the date of this order or her claims

2

against it will be dismissed for failure to prosecute.  The January 5, 2012 hearing on the motion to dismiss is vacated.  The motion is taken under submission and will be decided on the papers.  A case management conference is set in this case for February 22, 2012 at 2:00 pm in Courtroom 2.

IT IS SO ORDERED.

Dated: 12/20/2011

CLAUDIA WILKEN
United States District Judge